IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARCO MURALLES,

    Plaintiff,

-vs-

DYNAMIC RECOVER SOLUTIONS, LLC, and
CAVALRY SPV I, LLC,

    Defendants.
_____/

Case No.

**JURY TRIAL DEMANDED**

## COMPLAINT AND DEMAND FOR JURY TRIAL
## PRELIMINARY STATEMENT

1. This is an action for damages arising from Defendant's violations of 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (FDCPA) and The Florida Consumer Collection Practices Act (FCCPA). Plaintiff, MARCO MURALLES, alleges that Defendant, DYNAMIC RECOVERY SOLUTIONS LLC, used false, deceptive or misleading representations in an attempt to collect a consumer debt and that Cavalry SPV I, LLC is vicariously liable for the conduct of Dynamic Recovery Solutions LLC.

## JURISDICTION AND VENUE

2. This court has jurisdiction pursuant to 28 U.S.C. § 1331. Venue in this District is proper because Plaintiff resides here and Defendants do business in this District.

## PARTIES

3. Plaintiff, MARCO MURALLES, is a natural person and a citizen of the State of Florida residing in Hillsborough County, Florida.

4. Defendant, DYNAMIC RECOVERY SOLUTIONS LLC ("Dynamic") is a foreign Limited Liability Company formed in South Carolina. Dynamic's principle address is: 135 Interstate Blvd, Suite 6, Greenville, South Carolina 29616.

5. Dynamic regularly engages in interstate commerce, reaching into the State of Florida using the mail and telephone in a business which attempts to collect upon defaulted consumer debts.

6. Dynamic has registered its business as a Consumer Collection Agency in the State of Florida.

7. Defendant, CAVALRY SPV I, LLC ("Cavalry") is a foreign Limited Liability Company formed in Delaware. Cavalry's principle address is 500 Summit Lake Drive Suite 400, Valhalla, NY 1095-1340.

8. Cavalry regularly engages in the purchase of consumer debt that is in default. Upon information and belief, Cavalry purchased an old defaulted debt owed by Plaintiff and placed it with Dynamic for collection. At the time Cavalry acquired Plaintiff's account, the account was in default.

## FACTUAL ALLEGATIONS

### History of the Debt

9. In or around 2008, Plaintiff began having financial difficulties and could not maintain his payments for his leased vehicle.

10. The vehicle was Plaintiff's personal vehicle and he used it for his personal use. The debt he owed on the vehicle was a consumer debt.

11. Plaintiff turned the leased vehicle in before the end of the lease term. The leasor sold the vehicle an

12. Cavalry Portfolio Services LLC purchased the deficiency debt.

13. In 2012, Cavalry Portfolio Services LLC filed suit against Plaintiff in The Circuit Court of the 118th Judicial Circuit, Dupage County, Illinois.

14. On January 4, 2013, the Court entered an Order dismissing the case without prejudice.

15. Despite the fact that the Court dismissed without prejudice, Cavalry Portfolio Services LLC never re-filed the suit.

**Dynamic Recovery Solutions**

16. Years went by and Plaintiff heard nothing further regarding this debt until he received a call from a person who identified herself as Kailyn Dark.

17. Ms. Dark told Plaintiff that she was calling on behalf of Dynamic to collect a debt he owed to Cavalry.

18. Plaintiff told Ms. Dark that he did not believe he owed the money because the Court dismissed the case filed against him.

19. Ms. Dark then told Plaintiff that he had to prove that he does not owe the money and if he failed to prove it, Cavalry would report the debt to the credit bureaus.

20. Sometime after receiving the call from Ms. Dark, Plaintiff received letter from Dynamic dated October 23, 2017. A copy of said letter is attached hereto as Exhibit "A".

21. In the letter, Dynamic states that the current creditor is Cavalry SPV I, LLC.

22. Upon information and belief Cavalry SPV I, LLC is affiliated with Cavalry Portfolio Services LLC.

23. Exhibit "A" states that Calvary placed Plaintiff's account with Dynamic's office for collection.

24. The letter correctly points out that because of the age of the debt, Cavalry cannot sue Plaintiff for the debt.

25. The letter also states "[i]f you do not pay the debt, Cavalry may report it to the credit reporting agencies as unpaid."

26. However, according to the Fair Credit Reporting Act, Cavalry cannot report the debt to a consumer credit reporting agency because it has been more than seven (7) years since the date of first delinquency and is, therefore, obsolete. *See* 15 U.S.C. § 1681c(a).

27. The statement made by Ms. Dark, an agent of Dynamic, that it was Plaintiff's responsibility to prove that he did not owe the money and that if he failed to do so, Dynamic would report the debt to the credit bureaus was a false, misleading and deceptive statement made to coerce Plaintiff into paying the consumer debt.

28. The letter Dynamic sent to Plaintiff dated October 23, 2017 and attached hereto as Exhibit "A" also contained false, misleading and deceptive language in violation of the FDCPA and the FCCPA.

### Cavalry SPV I, LLC

29. Cavalry acquired Plaintiff's debt after it had already been in default.

30. As a purchaser of defaulted debt, Cavalry is a debt collector.

31. Cavalry placed Plaintiff's debt with Dynamic for collection.

32. Cavalry failed to monitor the activities and actions Dynamic used to attempt to collect the debt from Plaintiff.

33. Cavalry, as a debt collector, is vicariously liable for the actions of Dynamic, including the false, misleading and deceptive methods Dynamic used to attempt to collect a consumer debt from Plaintiff.

### Damages

34. Plaintiff has been in the process of working on improving his credit for the last few years.

35. In fact, Cavalry had previously reported the debt on his credit report and Plaintiff disputed the debt with the credit reporting bureaus.

36. The credit reporting bureaus investigated the dispute and removed the debt from his credit report.

37. The threat made by Dynamic through it's agent Ms. Dark, upset Plaintiff and made him fear that his credit would be damaged again.

38. Plaintiff was so worried that he decided to consult with an attorney.

### COUNT I
### FDCPA VIOLATION AGAINST DYNAMIC

39. Plaintiff incorporates paragraphs 1 through 28 and 34 through 38.

40. Defendant violated 15 U.S.C. §1692e(10) of the Fair Debt Collection Practices Act by threatening to report Plaintiff's debt to the credit report reporting bureaus even though due to the age of the debt, it was too old to legally be reported. The threat was false, deceptive and misleading.

WHEREFORE, Plaintiff, MARCO MURALLES, requests that the Court enter judgment in favor of Plaintiff and against Defendant Dynamic for:

a. Damages, both statutory and actual;

b. Attorney's fees, litigation expenses and costs of suit; and

c. Such other or further relief as the Court deems proper.

## COUNT II
## FCCPA VIOLATION AGAINST DYNAMIC

41. Plaintiff incorporates paragraphs 1 through 28 and 34 through 38.

42. Defendant violated F.S. 559.72(3) by threatening to report the debt to the credit reporting bureaus without also telling Plaintiff that the dispute they would note the dispute on the credit reports as well.

43. Dynamic also violated F.S. 559.72(9) by threatening to report the debt to the credit reporting bureaus even though they did not have the legal right to report the debt because it was obsolete.

WHEREFORE, Plaintiff, MARCO MURALLES, requests that the Court enter judgment in favor of Plaintiff and against Defendant DYNAMIC. for:

a. Damages, both statutory and actual;

b. Attorney's fees, litigation expenses and costs of suit;

c. Punitive damages; and

d. Such other or further relief as the Court deems proper.

## COUNT III
## FDCPA VIOLATION AGAINST CAVALRY

44. Plaintiff incorporates paragraphs 1 through 38.

45. Cavalry is vicariously liable for Dynamic's violation of the FDCPA because Cavalry is a debt collector and it failed to monitor the activities Dynamic used to collect the alleged debt from Plaintiff.

WHEREFORE, Plaintiff, MARCO MURALLES, requests that the Court enter judgment in favor of Plaintiff and against Defendant Cavalry for:

a. Damages, both statutory and actual;

b. Attorney's fees, litigation expenses and costs of suit; and

c. Such other or further relief as the Court deems proper.

## COUNT IV
## FCCPA VIOLATION AGAINST CAVALRY

46. Plaintiff incorporates paragraphs 1 through 38.

42. Cavalry is vicariously liable for Dynamic's violations of the FCCPA because Cavalry is a debt collector and it failed to monitor the activities Dynamic used to collect the alleged debt from Plaintiff.

WHEREFORE, Plaintiff, MARCO MURALLES, requests that the Court enter judgment in favor of Plaintiff and against Defendant CAVALRY for:

a. Damages, both statutory and actual;

b. Attorney's fees, litigation expenses and costs of suit;

c. Punitive damages; and

d. Such other or further relief as the Court deems proper.

Dated: November 16, 2017                Respectfully submitted,

                                         /s/ G. Donald Golden
                                         G. DONALD GOLDEN, ESQUIRE
                                         Florida Bar No. 0137080
                                         E-Mail: don@brandonlawyer.com
                                         THE GOLDEN LAW GROUP
                                         808-A Oakfield Drive
                                         Brandon, Florida 33511
                                         Telephone: (813) 413-8700
                                         Facsimile:  (813) 413-8701
                                         Attorney for Plaintiff



PO BOX 25759
GREENVILLE, SC 29616-0009

135 Interstate Blvd.
Greenville, SC 29615
Toll Free: 844-838-4048
Hours of Operation: Mon-Fri 8AM - 9PM EST
http://drs.cssimpact.com/negotiator/





Marco V Muralles
11014 Newbridge Dr
Riverview, FL 33579-7766

October 23, 2017

Dear Marco V Muralles,

We have been asked to contact you by our client Cavalry SPV I, LLC regarding your past due account with them. The account has been placed with our office for collection.

    **Current Creditor:** Cavalry SPV I, LLC
    **DRS Account No:** 066789639
    **Original Creditor:** TD Auto Finance, LLC / Chrysler Financial
    **Original Account No.:** \*\*\*\*\*\*8479
    **Current Balance:** $20,883.78

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice, that you dispute the validity of the debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. Upon your written request within 30 days after receipt of this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

  **http://drs.cssimpact.com/negotiator/**

The law limits how long you can be sued on a debt. Because of the age of your debt, Cavalry cannot sue you for it. If you do not pay the debt, Cavalry may report it to the credit reporting agencies as unpaid.

If you make a partial payment on this account it may restart the statute of limitations on this account.

    **This is an attempt to collect a debt and any information obtained will be used for that purpose.**
    This communication is from a debt collector.

**EXHIBIT "A"**